IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SUNBEAM PRODUCTS, INC. d/b/a
JARDEN CONSUMER SOLUTIONS,

                Plaintiff,

v.

HOMEDICS, INC.,

                Defendant.

OPINION and ORDER

08-cv-376-slc

---

      Plaintiff Sunbeam Products, Inc. has brought this civil suit for patent infringement against defendant Homedics, Inc. Now before this court is defendant's motion to transfer venue to the Eastern District of Michigan under 28 U.S.C. 1404(a). Defendant argues that transfer is clearly more convenient to the Eastern District of Michigan because defendant's headquarters and principal place of business are located there, plaintiff has no connection to the Western District of Wisconsin and plaintiff's sole reason for bringing suit in Wisconsin is because of the speed of its docket. In terms of balancing the interest of justice with the convenience of the parties, the scale tips in favor of denying transfer because the importance of a speedy resolution to protect plaintiff's patent rights outweighs the convenience to defendant of litigating in its home district.

      From the complaint and the documents submitted by the parties in connection with the pending motion, I draw the following facts, solely for the purpose of deciding this motion.

## FACTS

      Plaintiff Sunbeam Products, Inc., who is the owner of the the Bearing Support for a Scale Platform patent, is a Delaware corporation with its principal place of business in Boca Raton,

Florida. It is a global consumer products company built around a portfolio of well-known brands with employees in twelve countries and four continents.

Defendant Homedics, Inc., is a Michigan corporation with its headquarters and principal place of business in Commerce Township, Michigan. Defendant conducts business in Wisconsin. It makes, sells or offers for sale twenty three model scales that use the patent in suit. The allegedly infringing scales are designed in Michigan, Illinois and China. The design and manufacture documents relevant to this case are located in Michigan, China, Illinois and New Mexico. Witnesses with knowledge of the technology or manufacturing decisions in this case are located in both Michigan and China.

The patent in suit was filed on December 11, 1990, and it will expire in December 2010. (Although defendant contends that the patent will expire in December 2009, pursuant to 35 U.S.C. § 154 (a)(2) the grant of patent shall be for a period "ending 20 years from the date on which the patent was filed in the United States." Id.) On November 1, 2006, plaintiff sent a letter to defendant claiming that it was infringing plaintiff's patent in seventeen of its scale models. The parties attempted to negotiate a resolution but were unsuccessful. Plaintiff filed suit here on July 1, 2008.

OPINION

Under 28 U.S.C. § 1404(a), transfer involves a two part inquiry. A court must determine whether (1) the transferee district is one in which the action could have been brought and (2) whether "the convenience of parties, witnesses and the interests of justice" counsel in favor of transfer. 28 U.S.C. § 1404(a); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.

2

1986). Under 28 U.S.C. § 1400(b), a litigant may bring a suit for patent infringement in the judicial district "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." "[F]or purposes of venue . . . . a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391; *Hoffman v. Blaski*, 363 U.S. 335, 244 (1960); *Encyclopedia Britannica, Inc. v. Magellan Navigation, Inc.*, 512 F. Supp. 2d 1169, 1172 (W.D. Wis. 2007). Venue would be proper in the Eastern District of Michigan because defendant has its corporate headquarters and regularly conducts business in Michigan; therefore, personal and subject matter jurisdiction would exist over defendant.

The second phase of the transfer inquiry requires a weighing of the convenience of the parties and witnesses and the interests of justice, 28 U.S.C. 1404(a); *Coffey*, 796 F.2d at 219-20. When evaluating the convenience of the parties and witnesses, appropriate factors to consider include the plaintiff's choice of forum, the situs of material events and ease of access to sources of proof. *Harley-Davidson, Inc. v. Columbia Tristar Home Video*, 851 F.Supp. 1265, 1269 (E.D. Wis. 1994); *Kinney v. Anchorlock Corp.*, 736 F.Supp. 818, 829 (N.D. Ill. 1990). However, an interest of justice inquiry focuses on "the efficient administration of the court system," *Coffey*, 796 F.2d at 221, such as whether a transfer would help the litigants receive a speedier trial or facilitate consolidation of related cases. *Id.*

The moving party bears the burden of showing that the proposed forum is "clearly more convenient" and that transfer is proper. *Coffey,* 796 F.2d at 219-20. In this case, defendant has moved to transfer to the Eastern District of Michigan because that district is its home forum and

contains a majority of defendant's witnesses as well as documents relevant to the case.

Although a plaintiff's choice of forum is entitled to deference when it is litigating in its home forum, that is not the case here because the Western District of Wisconsin is not plaintiff's home forum.  Therefore, plaintiff's choice of forum is not entitled to the same degree of deference.  *Chicago, Rock Island & Pacific Railroad Co. v. Igoe*., 220 F.2d 299, 304 (7th Cir. 1955).

The situs of material events and access to proof are relevant factors.  Although the infringing products were sold in the Western District, these products were undoubtedly sold in the Eastern District of Michigan as well.  To the extent that the location of the infringing products may be a material event it seems a wash.  *See Carson v. Flexible Foam Products, Inc.*, 2008 WL 1901727 *2 (W.D.Wis. 2008) ("To the extent that the location of the allegedly infringing equipment will play any role in the determination of the case, the equipment is present in both judicial districts.").  Further, defendant argues that documents relevant to the design and marketing of the allegedly infringing products are found in Michigan, Illinois, China and New Mexico.  None of these documents are present in Wisconsin.  However, these documents easily can be transported between the two districts and their presence in Michigan does not make it clearly more convenient.  *See  Milwaukee Electric Tool Corp. v. Black & Decker (N.A.) Inc.,* 392 F. Supp. 2d 1062, 1064 (W.D. Wis. 2005)("technological advancements have diminished traditional concerns related to ease of access to sources of proof. . . ").  Thus, neither the situs of material events nor the access to proof tips the scale in favor of either party.

When considering the convenience to parties, the Eastern District of Michigan is more convenient for defendant because it is its home forum, headquarters and principal place of

business.  Although this case is still in its early stages, it is likely that some of defendant's witnesses would live within Eastern District.  Therefore, transfer would reduce the time and inconvenience of traveling for defendant's corporate and other witnesses.  Also, it would reduce interruptions in defendant's business operations.  In contrast, Wisconsin is not more convenient for either party.  Plaintiff would not be greatly inconvenienced by conducting this trial in Michigan as opposed to Wisconsin because plaintiff, its witnesses and its experts would have to travel roughly the same distance to either district.  Therefore, the convenience of the parties weighs in favor of transfer to the Eastern District of Michigan.

The only question that remains is whether the interests of justice counsel against transferring this case to the Eastern District of Michigan.  In its opposition brief, plaintiff states that its primary reason for choosing the Western District is the speed with which the case will be resolved.  Although this court does not encourage litigants to choose this forum because of its speed and although this court makes no promises regarding quick resolution, the fact remains that this is a relatively speedy federal court, particularly with regard to patent lawsuits.  "The relative speed with which an action may be resolved is an important consideration when selecting a venue." *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73 (1963).  The swift resolution of a case is even more important where a delay could frustrate a patent holder's rights and the value of its patent. *Milwaukee Electric Tool Corp.*, 392 F. Supp 2d. at 1065 (W.D. Wis. 2005).

This case is firmly set for trial in August 2009.  According to the statistics plaintiff has provided, the median time from filing to trial in the Eastern District of Michigan is 25.4 months.  Assuming that this case were transferred and promptly set for trial in Michigan, there is a strong likelihood that this case would not be tried until November or December of 2010.  Because

5

plaintiff's patent will expire in December of 2010, plainiff argues that a speedy resolution is crucial to protecting the value of its patent. A fifteen- to sixteen-month delay would eliminate its ability to enjoin defendant from any potential infringing activity. Further, because the parties are active competitors in the same market, the need to curtail infringing activity becomes even more important. *Procter & Gamble Co. v. McNeil-PPC, Inc.,* 2008 WL 3992766 *1 (W.D. Wis. 2008). Because the delay in resolving this case would substantially diminish the value of plaintiff's patent and be highly prejudicial to its rights, the interests of justice weigh in favor of denying transfer.

In response, defendant argues that plaintiff's delay in bringing this suit undermines its interest in a speedy resolution. Although plaintiff fails to address why it waited almost a year and half to file suit after informing defendant of its alleged infringement, it was defendant's burden as the moving party to raise this issue from the outset and it failed to do so properly. Defendant first raised this issue in its reply brief and "[a]rguments raised for the first time in a reply brief are waived." *United States v. Adamson*, 441 F.3d 513, 521 n.2 (7th Cir. 2006).

However, this procedural mistake is of less import than defendant's failure to establish that not transferring will cause it a major inconvenience. Although defendant has shown that the convenience to some of its witnesses favors transfer, it has failed to show that the transferee district is *clearly* more convenient. Both the situs of material events and access to proof are in equipoise. Defendant concedes that some of its witnesses live in China and, thus, for these witnesses neither district is more convenient. The sole basis for transfer rests on the fact that some of defendant's corporate witnesses live in Commerce Township, Michigan. However, when considering all of the relevant factors, the convenience to this small set of players is not sufficient

to counsel transfer. Because a speedy resolution strongly favors plaintiff and defendant has failed to show that transfer is clearly convenient, *In re National Presto Industries, Inc.,* 347 F.3d 662, 663-64 (7th Cir. 2003)(unless balance strongly favors defendant plaintiff's choice should be applied), defendant's motion to transfer will be denied.

ORDER

IT IS ORDERED THAT defendant Homedics Inc.'s motion to transfer to the Eastern District of Michigan is DENIED.

Entered this 21st day of November, 2008.

BY THE COURT:
/s/
STEPHEN L. CROCKER
Magistrate Judge