IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SUNBEAM PRODUCTS, INC.,
d/b/a JARDEN CONSUMER SOLUTIONS,

       Plaintiff,

 v.

HOMEDICS, INC.,

       Defendant.

ORDER

08-cv-0376-slc

---

   In this civil case for patent infringement, plaintiff Sunbeam Products, Inc., alleges that defendant Homedics, Inc., is infringing claims 1-9 of its United States Patent No. 5,133,420 (the '420 patent).  Now before the court is defendant's motion requesting claim constructions and a hearing on disputed terms of the '420 patent.  *See* dkt. 28.  Although I am persuaded that certain claim terms of the '420 patent require construction, a claims construction hearing is unnecessary.

   Defendant Homedics requests construction of these ten terms:

(1) "assembly means" as used in claims 1 and 8;

(2) "retaining said stand portions in face-to-face engagement with the underside of said platform and permitting limited displacement of said bearing members in a horizontal direction" as used in claim 1;

(3) "retaining said bearing means in sliding engagement with the underside of said platform and permitting limited displacement of said bearing members in a horizontal plane" as used in claim 8,

(4) "means for pivotally supporting a plurality of force collecting levers" as used in claim 1,

(5) "force measuring means" as used in all claims,

(6) "Stand portion" or "base portion"

(7) "depending column portion" as used in claim 1, 3 and 4,

   (8)  "lower end and upper end" as used in claims 1, 3, 4 and 8,

   (9)  "slots" as used in claims 2, 5, 8 and 9; and

 (10)  "L-shaped" as used in claims 5 and 6.

I am persuaded that the following terms require construction: (1)"assembly means" and (10) "L-shaped." "Assembly means" and the associated functions–*i.e.,* (2) and (3), above–must be construed because the parties dispute whether scales that have non-horizontal movement, such as those made by defendant, infringe plaintiff's '420 patent. "L-shaped" will be construed because the parties dispute whether defendant's product which "utilize tabs which are bent at 45° or are merely twisted" infringe this claim term.

With respect to the remaining terms, defendant has failed to establish that they are related to a dispute regarding invalidity or infringement. With respect to the means-plus-function terms–*i.e.,* (4) "means for pivotally supporting a plurality of force collecting levers" and (5) "force measuring means"–defendant contends that claim construction of a "means-plus-function" term always is required, citing *Lockheed Martin Corp. v. Space Systems/Loral, Inc.*, 324 F.3d 1308, 1319 (Fed. Cir. 2003). What the court actually said was that "[o]nce a court establishes that a means-plus-function limitation *is at issue*, it must identify and construe that limitation." *Id.* at 1319 (emphasis added). Merely identifying a claim term as a "mean-plus-function" term does not require a court to construe the term. The moving party still bears the burden of showing that the term is relevant to a disputed issue of invalidity or infringement. In this case, defendant has failed to do so and therefore, defendant's motion for construction of these terms will be denied.

With respect to the terms (6) "stand portion" and "base portion," (7) "depending column portion" and (8) "lower end and upper end," defendant argues that construction is necessary because these terms are "ambiguous."  In contrast, defendant contends that the term (9) "slots" requires construction because it is "unambiguously defined by the specification."  But whether these terms are ambiguous or unambiguous has no bearing on whether these terms are relevant to a dispute on invalidity or infringement, and defendant raises no additional argument regarding invalidity or infringement.  Therefore, I am denying defendant's request to construe the terms "stand portion," "base portion," "depending column portion," "lower end and upper end" and  "slots" at this time.

The September 9, 2008 preliminary pretrial conference order clearly explained a party seeking construction was required to identify a term's relationship to the merits of the case:

> It is the party's burden to persuade the court that construction of each specified term is *necessary to resolve a disputed issue concerning infringement or invalidity.*

Dkt. 16, at 2 (emphasis added).

The court's rationale, gleaned from experience, is "to avoid the devoting judicial resources to the issuance of advisory opinions on the construction of claim terms about which the parties have no concrete dispute."  *IP Cleaning S.p.A. v. Annovi Reverberi, S.p.A.*, 08-cv-147-bbc, 2008 WL 5119586, *1 (W.D. Wis. Dec. 4, 2008).  As stated in *02 Micro International Ltd. v. Beyond Innovation Technology Co., Ltd.*, 521 F.3d 1351 (Fed. Cir. 2008)*,*

> [D]istrict courts are not (and should not be) required to construe *every* limitation presented in a patent's asserted claims. Rather, claim construction is a matter of resolution of disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims, for use in the determination of

3

>    infringement. When the parties present a fundamental dispute
>    regarding the scope of a claim term, it is the court's duty to resolve
>    it.

*Id.* at 1362, emphasis in original, citations omitted.

The parties are free to offer their constructions of the other terms in future pretrial during summary judgment practice or as an *in limine* motion or a jury instruction; if, at that time, a fundamental dispute regarding the scope of a term manifests itself, the court will resolve it. At this time, however, the parties have not established such a dispute regarding most of the terms listed above, so there is no need for the court to construe them.

## ORDER

IT IS ORDERED that:

1. Defendant Homedics, Inc.'s motion for a claims construction hearing is DENIED.

2. The court will construe the following four terms of U.S. Patent No. 5,133,420:

- "assembly means" as used in claims 1 and 8;

- "retaining said stand portions in face-to-face engagement with the underside of said platform and permitting limited displacement of said bearing members in a horizontal direction" as used in claim 1;

- "retaining said bearing means in sliding engagement with the underside of said platform and permitting limited displacement of said bearing members in a horizontal plane" as used in claim 8;

- "L-shaped" as used in claim 5 and 6.

3. At this time the court will not construe the following terms of the '420 patent:

- "means for pivotally supporting a plurality of force collecting levers" as used in claim 1;

- "force measuring means" as used in all claims;

- "Stand portion" or "base portion;"

- "depending column portion" as used in claim 1, 3 and 4;

- "lower end and upper end" as used in claims 1, 3, 4 and 8;

- "slots" as used in claims 2, 5, 8 and 9 extending radially outwardly" as used in claims 1, 13-15, 17, 19, 21, 23 and 24.

Entered this 30th day of December, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge
