IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SUNBEAM PRODUCTS, INC
d/b/a JARDEN CONSUMER SOLUTIONS,

       Plaintiff,

v.

HOMEDICS, INC.,

       Defendant.

ORDER

08-cv-376-slc

---

   This is a patent infringement suit involving bathroom scales. Plaintiff Sunbeam Products, Inc. is the owner of U.S. Patent No. 5,133,420 (the '420 patent) and alleges that defendant HoMedics, Inc. has infringed this patent with its HoMedics, Body Basics, Taylor and Metro scale models. On December 18, 2008, defendant filed a motion requesting claims construction of ten disputed terms in the '420 patent. After reviewing the parties' briefs, I determined that only three terms needed construction as they were necessary to a disputed issue between the parties and construed them as follows:

   (1) "Assembly means" is not a mean-plus-function term in either claim 1 or claim 8 and it does not require importing structural limitations from the specification;

   (2) "Retaining said stand portions in face-to-face engagement with the underside of said platform and permitting limited displacement of said bearing members in a horizontal direction" (claim 1) and "retaining said bearing means in sliding engagement with the underside of said platform and permitting limited displacement of said bearing members in a horizontal plane" (claim 8) do not contain a non-horizontal movement limitation; and,

   3) "L-shaped" (claims 5 and 6) does not require construction.

Dkt. #58, at 2. In addition, I determined that the term "assembly means" as used in claims 1 and 8 means "[p]latform tabs or projections inserted into slots in the bearing member and bent over to connect the platform and the bearing member."

Now before the court is defendant's motion for reconsideration or clarification of this court's claims construction order in which it challenges this court's construction of the term "assembly means" in claims 1 and 8 and whether either claim contains a limitation of non-horizontal movement. Specifically, defendant argues that the court erred in the following respects: (1) reading out the face-to-face and sliding engagement limitations; (2) concluding that the '420 patent allows the bearing member to move non-horizontally; and (3) not construing the term "assembly means" in claims 1 and 8 as a means-plus-function. Plaintiff opposes the motion because it contends that defendant is attempting to simply reargue claims construction, which is not proper under a motion for reconsideration.

Although defendant titles its motion as one to reconsider or clarify, it does not ask the court to clarify any of its ruling. Instead, it argues the court was wrong in adopting its constructions and requests the court adopt the previously proposed constructions that "assembly" means is a mean-plus-function and contains a limitation that disavows non-horizontal movement. Because defendant identifies no manifest error of law or fact or any evidence that the court failed to consider in making its construction, I will deny defendant's motion.

OPINION

**A. Standard for Motions to Reconsider**

The purpose of a motion to reconsider is narrow and limited to bringing the court's attention to manifest errors of law or fact or newly discovered evidence. *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000); *Caisse Nationale de Credit Agricole v. CBI*

*Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). It is not intended as an opportunity for a party to reargue the merits of a parties' previous position, to introduce evidence previously available, tender new legal theories or rehash old arguments. *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003); *Easypower Corp. v. Alden Corp.*, 522 F. Supp. 2d 1060, 1063) (N.D. Ill. 2007). Generally, if the parties' sole purpose is to reargue claims construction, this is not grounds for a motion to reconsider. *Digene Corp. v. Third Wave Technologies, Inc.*, No. 07-c-022-bbc, 2007 WL 5614110, at *1 (W.D. Wis. 2007)(reconsidering claims construction order because court had mistakenly understood plaintiff's position at claims construction hearing). A motion for reconsideration is left to the discretion of the district court and will only be reversed if the court abuses its discretion. *Billups v. Methodist Hosp.*, 922 F.2d 1300, 1305 (7th Cir. 1991).

In essence, defendant's motion is reargument of its claims construction brief and generally this is not a proper basis for a motion to reconsider. In nearly every case, one party will lose a motion but that is not a basis to allow reargument ad naseaum every time. *Oto v. Metropolitan Life Insurance Co.*, 224 F.3d 601 606 (7th Cir. 2000) ("A manifest error is not demonstrated by the disappointment of the losing party [but, by] the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"). Otherwise, courts would find themselves in the sisyphusian task of revisiting every failed argument presented by a party. Nonetheless, I will briefly explain why defendant is incorrect that this court erred in its claims construction.

### B. Means-Plus-Function Limitation

Defendant argues that "assembly means" as used in claims 1 and 8 is a mean-plus-function because it contains the terms "means" and recites a function. As I discussed, the use of the term "means" gives rise to the presumption of a means-plus-function element but it is not dispositive. *Cross Medical Products, Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1303 (Fed. Cir. 2005); *Sage Products, Inc. v. Devon Industries, Inc.*, 126 F.3d 1420, 1427 (Fed. Cir. 1997). The key is whether the means-plus-function term is followed by a function. Defendant argues that the following language found in claims 1 and 8 is the function of the assembly means: "retaining said stand portions in face-to-face [or sliding] engagement with the underside of said platform and permitting limited displacement of said bearing members at a horizontal direction." '420 Pat., col. 5, lns. 12-18, 30-32. However, this language is used to describe how the bearing member and platform are connected.

Regardless, defendants' contention is much ado about nothing. Even assuming its position that "retaining said stand portions . . ." was a function of the "assembly means," the court would need to determine whether the claim contains sufficient structure for performing that function. 35 U.S.C. § 112 ¶ 6 ("An element of a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof"); *Apex Inc. v. Raritan Computer, Inc.*, 325 F.3d 1364, 1372 (Fed. Cir. 2003). Defendant contends that structure is not located in the claim language but rather in the specification. According to defendant, the specification teaches that the structure that allows the assembly means to retain the stand or bearing portions in a face-to-face or sliding engagement are "platform tabs inserted

4

through the bearing member slots and bent over the base of the bearing member." Dkt. 28, at 1. Although the court did not agree with defendant that "assembly means" was a means-plus-function, it did construe "assembly means" as used in claims 1 and 8 means "[p]latform tabs or projections inserted into slots in the bearing member and bent over to connect the platform and the bearing member." It is hard to understand why defendant is concerned whether or not "assembly means" is a means-plus-function when the practical outcome is the same. The "assembly means" are the tabs and slots.

Also, now defendant argues that the tabs and slots are insufficient to perform the function of retaining the stand and bearing means and offers a new construction for "assembly means." However, defendant offers no argument from the claim language, specification or expert opinion to support its contention. Therefore, I will disregard this proposed construction.

### C. Non-Horizontal Movement of the Bearing Members

In addition, defendant also contends that I erred by concluding that the '420 patent allows for non-horizontal movement of the bearing member with respect to the platform. It is error because by construing the patent in this manner I read out the "face-to-face" and "sliding engagement" limitations. However, the fact that the bearing member could move in a non-horizontal manner does not preclude it from being in a face-to-face or sliding engagement. For example, if object A and object B were parallel to each other in space, such that object A was above object B, and object B moved in a vertical directions towards object A, then they would still be in a face-to-face engagement. In addition if the same two objects were parallel in space and object B moved in a diagonal direction then its could still said to be sliding. Therefore, it

5

appears that the terms face-to-face and sliding engagement are not incompatible with non-horizontal movement.

Further, defendant suggests that the court mistakenly "relied on a '420 patent excerpt providing that there be 'sufficient clearance so that the bearings may move horizontally with respect to the platform.'" Dkt. 60 at 2 (citing to '420 pat, col. 4., lns. 30-39). However, it was defendant in its claims construction brief that identified this passages as "clearly stat[ing] that the bearing must remain against the platform with only enough clearance for 'horizontal' movement." Dkt. 28, at 11. What I concluded is that this passage did not expressly disclaim non-horizontal movement. Despite its best efforts to illustrate that the patent and "common sense" suggest that '420 patent excluded non-horizontal movement of the bearing member, the patent's claim and specification contains no such limitation and it is the language of the patent the controls claims construction. *Phillips v. AWH Corporation*, 415 F. 3d 1303, 1313 (Fed. Cir. 2005)(*en banc*) (claim terms interpreted by person of ordinary skill in who reads terms in context of the entire patent including specification).

ORDER

IT IS ORDERED that defendant Sunbeam Inc.'s motion to reconsider or clarify this court's April 29th claims construction order is DENIED.

Entered this 6th day of July, 2009.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge