IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SUNBEAM PRODUCTS, INC. d/b/a
JARDEN CONSUMER SOLUTIONS,

        Plaintiff,

v.

HOMEDICS, INC.,

        Defendant.

ORDER

08-cv-376-slc

---

Before the court is plaintiff Sunbeam's motion for an emergency conference and for an extension of time, dkt. 106. I am declining to hold a hearing, but I will give three extra days for summary judgment responses.

Back on July 1, 2008, Sunbeam, a Delaware corporation operating out of Florida, filed this patent lawsuit against Homedics, a Michigan corporation. Sunbeam picked this district because of its speedy resolution of patent lawsuits; indeed this court denied Homedics' motion to transfer the case to Michigan on that basis. In the parties' Rule 26(f) report to the court, Sunbeam suggested a trial date in early June, 2009 and Homedics suggested early August 2009. At the September 25, 2008 preliminary pretrial conference, the court set trial for late August, 2009.

The court set a summary judgment motion deadline of April 3, 2009, with a 21/10 response/reply briefing cycle. The court warned the parties:

> Parties are to undertake discovery in a manner that allows them to make or respond to dispositive motions within the scheduled deadlines. The fact that the general discovery deadline cutoff, set forth below, occurs after the deadlines for filing and briefing dispositive motions is not a ground for requesting an extension of the motion and briefing deadlines.

Dkt. 16 at 4.

The court also set a discovery cutoff of July 24, 2009 and warned the parties that

> This court also expects the parties to file discovery motions promptly if self-help fails. Parties who fail to do so may not seek to change the schedule on the ground that discovery proceeded too slowly to meet the deadlines set in this order.

*Id.* at 6.

Discovery did not proceed smoothly, with motions to compel filed on December 12, 2008, January 22, 2009, and January 29, 2009, and court intervention in deposition disputes on June 16 and 29, 2009.

Along the way, the parties made multiple requests to extend their deadlines, which the court granted. The trial date moved from August 24, 2009 to October 5, 2009, to November 2, 2009. The summary judgment motion deadline moved from April 3, 2009 to June 1, June 29, 2009, July 6, July 10, then finally July 13, 2009 with the court ordering that there would be no more extensions. On June 13, 2009, each side filed its own summary judgment motion with supporting documents.

Earlier today, on July 17, 2009, Sunbeam filed its motion for an emergency conference in order to extend the response deadline, declaring that it "has the right to depose Homedics' declarants before Sunbeam files its response briefs." Dkt. 106 at 2.

That's not entirely correct. The parties have had 9½ months to conduct discovery before summary judgment motions were due. At the outset the court explicitly warned them to plan and execute their discovery so as to be ready for summary judgment because they would not get more time because of discovery concerns. So, Sunbeam has the right to depose Homedics' witnesses up until the response briefs are due, but Sunbeam does not have the right to move the

response due date in order to depose Homedics' witnesses. It is not clear to the court whether Sunbeam already has deposed any of the ten Homedics declarants, or whether it could have deposed them but chose not to. If so, then Sunbeam has to lie in the bed it has made. Conversely, neither is it clear whether any of these witnesses has declared something so objectively novel and unexpected that fairness mandates a deposition in the next two weeks. If so, then Homedics had better make them available before July 31 or their declarations are a nullity. Homedics cannot throw a skunk into Sunbeam's parlor then stroll home and take the phone off the hook.

Given the contentiousness that imbues this lawsuit, there is no good reason to expect that the parties will agree what needs to happen next. Even so, I am not going to hold yet another telephonic conference. I am directing lead counsel to confer and reach a fair and reasonable solution. Any unresolvable disagreements about who can or should be deposed must be addressed within the parties' response and reply briefs on summary judgment. The court will decide any lingering discovery or evidentiary disputes as part of its summary judgment rulings.

In sum, Sunbeam's motion is granted in part and denied in part as explained above. The deadline for responses in opposition to summary judgment are due August 3, 2009, with replies due by August 13, 2009.

Entered this 17th day of July, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge