**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

|  |  |  |
|---|---|---|
| SUNBEAM PRODUCTS, INC. d/b/a JARDEN CONSUMER SOLUTIONS, | ) ) ) | |
| | ) | Civil Action No. 08-cv-376 |
| Plaintiff, | ) | |
| v. | ) ) | JURY TRIAL DEMANDED |
| HOMEDICS, INC., | ) ) | |
| Defendant. | ) ) | |

# DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES



NOW COMES Defendant HoMedics, Inc. ("HoMedics"), by and through its attorneys Brooks Kushman P.C., and for its answer to Plaintiff's First Amended Complaint, states as follows:

## NATURE OF THE ACTION AND JURISDICTION

1.   This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER**:   HoMedics admits that this is an action for patent infringement but denies all other allegations of this paragraph.

2.   Defendant HoMedics regularly conducts business in Wisconsin and has committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in the Western District of Wisconsin and elsewhere in Wisconsin.  This Court therefore has personal jurisdiction over HoMedics.

**ANSWER**:   Denied.

3.   Venue is proper in the judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b) because defendant HoMedics regularly conducts business in this judicial district, and certain of the acts complained of herein occurred in this judicial district.

**ANSWER**:   Denied.

## THE PARTIES

4.   Plaintiff Sunbeam is a Delaware corporation having a principal place of business at 2381 Executive Center, Boca Raton, Florida 33431.

**ANSWER**:   HoMedics lacks sufficient evidence to form a belief as to the truth of the allegations and, therefore, denies the same.



5. Upon information and belief, HoMedics is a Michigan corporation having a principal place of business at 3000 Pontiac Trail, Commerce Township, Michigan 48390.

**ANSWER**: Admitted.

### THE PATENT-IN-SUIT

6. On July 28, 1992, the United States Patent and Trademark Office issued U.S. Patent No. 5,133,420, entitled "Bearing Support for a Scale Platform" (hereinafter "the '420 patent"). A true and correct copy of the '420 patent is attached hereto as Exhibit A.

**ANSWER**: HoMedics admits that a copy of the '420 patent appears to be attached to the Complaint.

7. Sunbeam is the owner of all right, title and interest in and to the '420 patent and has the sole and exclusive right to enforce the patent, including the right to recover damages for past infringement.

**ANSWER**: HoMedics lacks sufficient evidence to form a belief as to the truth of the allegations and, therefore, denies the same.

### CLAIMS FOR RELIEF

8. Sunbeam realleges and incorporates by reference the allegations stated in paragraphs 1-7 of this Complaint.

**ANSWER**: HoMedics realleges and incorporates by reference paragraphs 1 through 7 of this Answer.

9. HoMedics has infringed the '420 patent by making, using, importing, selling or offering to sell, and by inducing, aiding and/or abetting, encouraging or contributing to others' use of, products that fall within the scope of one or more of claims 1-9 of the patent. The



infringing products include at least the following products made, sold, or offered for sale by HoMedics:

| Brand | Model |
|---|---|
| HoMedics | SC-120 |
| HoMedics | SC-121 |
| HoMedics | SC-122 |
| HoMedics | SC-123 |
| HoMedics | SC-124 |
| HoMedics | SC-125 |
| HoMedics | SC-505 |
| HoMedics | SC-506 |
| HoMedics | SC-510 |
| HoMedics | SC-550 |
| Body Basics | SC-500 |
| Taylor | 1610 |
| Taylor | 2004W |
| Taylor | 2020 |
| Taylor | 2372 |
| Taylor | 4800 |
| Taylor | 4822SW |
| Taylor | 4825 |
| Taylor | 4826 |
| Taylor | 4827 |
| Taylor | 4828 |
| Taylor | 4828 EXP |
| Taylor | 4829 |
| Taylor | 4830 |
| Taylor | 4832 |
| Taylor | 4832W |
| Taylor | 5553 |
| Taylor | 5553ES |
| Taylor | 5554 |
| Taylor | 5559 |
| Taylor | 5563 |
| Taylor | 5564 |
| Taylor | 5571 |
| Taylor | 6050T |
| Taylor | 6310T |
| Taylor | 7001 |
| Taylor | 7003 |
| Taylor | 7020 |
| Taylor | 7070 |
| Taylor | 7200 |
| Metro | 2000 |



| Brand | Model |
|---|---|
| Metro | 2000 EXP |
| Metro | 2372 EXP |

**ANSWER**:   Denied.

10.   HoMedics has received notice of its infringement of the '420 patent.

**ANSWER**:   Denied.

11.   HoMedics' acts of infringement are and have been willful.

**ANSWER**:   Denied.

12.   HoMedics' acts of infringement have injured Sunbeam, and Sunbeam is entitled to recover damages adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

**ANSWER**:   Denied.

13.   HoMedics' acts of infringement will continue after service of this Complaint, thereby causing further injury to Sunbeam, unless and until such infringement is enjoined by this Court.

**ANSWER**:   Denied.

## AFFIRMATIVE DEFENSES

1.   The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.   HoMedics did and does not directly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '420 patent.

3.   The claims of the '420 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 102, 103, and/or 112.



- 4 -

4. The relief sought by Plaintiff is barred in whole or in part by the doctrines of laches, estoppel, waiver, and/or acquiescence.

5. The relief sought by Plaintiff is barred in whole or in part based on the doctrine of detrimental reliance.

6. The relief sought by Plaintiff is barred in whole or in part by the plaintiff's unclean hands.

7. The relief sought by Plaintiff is barred based on Plaintiff's misuse of patent rights.

8. The relief sought by Plaintiff is barred in whole or in part by Plaintiff's failure to comply with the notice provision of the Patent Act.

9 Defendants reserve the right to add additional affirmative defenses as they become known in discovery.

## COUNTERCLAIMS

Defendant/counter-claimant HoMedics, Inc. ("HoMedics") alleges and counterclaims against plaintiff/counter-defendant, Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions ("Sunbeam") as follows:

**A.     Actual And Present Controversy**

1. By filing the present action, Sunbeam has accused HoMedics of infringing U.S. Patent No. 5,133,420 ("the '420 Patent").

2. Based upon the allegations made in paragraphs 6 and 7 of the First Amended Complaint filed by Sunbeam, Sunbeam is the asserted owner of the '420 Patent.

3. An actual present controversy exists between HoMedics and Sunbeam concerning the validity, enforceability, and infringement of the '420 Patent.



**B.** **Jurisdiction And Venue**

4. These counterclaims arise under the patent laws of the United States, 35 U.S.C. §1 *et seq.* and the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*

5. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§1331, 1338, 2201, and/or 2202.

6. Venue is proper in this District under 28 U.S.C. §1391 and by virtue of Sunbeam having brought this action.

**C.** **The Parties**

7. HoMedics is a Michigan corporation having a principal place of business at 3000 Pontiac Trail, Commerce Township, Michigan 48390.

8. Based upon the allegations made in paragraph 4 of the First Amended Complaint filed by Sunbeam, Sunbeam is a Delaware corporation having its principal place of business at 2381 Executive Center, Boca Raton, Florida 33431.

**COUNT I**

**Declaration Of Non-Infringement**

9. HoMedics did and does not directly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '420 patent.

10. The continued assertion of the '420 patent against HoMedics, despite the non-infringement of the claims of the '420 patent, makes this an exceptional case under 35 U.S.C. § 285.



## COUNT II

### Declaration Of Invalidity

11. The claims of the '420 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

12. The continued assertion of the '420 patent against HoMedics, despite the invalidity of the claims of the '420 patent, makes this an exceptional case under 35 U.S.C. § 285.

## COUNT III

### Declaration Of A Relief Bar

11. Any relief which could or is sought by Plaintiff is barred in whole or in part by the doctrines of laches, estoppel, waiver, and/or acquiescence.

### RELIEF

**WHEREFORE**, HoMedics, Inc. prays for the following relief:

A. That the First Amended Complaint of plaintiff/counter-defendant be dismissed with prejudice;

B. That the relief sought by plaintiff/counter-defendant be denied including, without limitation, all asserted damages, injunctive relief or fees;

C. That judgment be entered in favor of HoMedics declaring that the '420 Patent is invalid, unenforceable, and not infringed by HoMedics;

D. That judgment be entered in favor of HoMedics declaring that any relief which could or is sought by Plaintiff is barred in whole or in part by the doctrines of laches, estoppel, waiver, and/or acquiescence



E. That plaintiff/counter-defendant and its agents, assignees and licensees, if any be enjoined from asserting the '420 Patent against HoMedics or any actual or potential customer or supplier of HoMedics;

F. That HoMedics be awarded its reasonable attorneys' fees, costs, and expenses in connection with the present litigation, including without limitation pursuant to 35 U.S.C. §285; and

G. That HoMedics be awarded such other and further relief that this Court may deem just and proper.

### DEMAND FOR JURY

Defendant demands a trial by jury for all issues so triable.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

By: /s/ John M. Halan
    Mark A. Cantor (P32661)
    John M. Halan (P37616)
    Thomas W. Cunningham (P57899)
    1000 Town Center, Twenty-Second Floor
    Southfield, Michigan 48075
    Email: mcantor@brookskushman.com
           jhalan@brookskushman.com
           tcunningham@brookskushman.com

Dated: September 18, 2009      *Attorneys for Defendant*



## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on  September 18, 2009 , I electronically filed the foregoing **DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** with the Clerk of the Court for the Western District of Wisconsin using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing: Daniel J. Brenner, Thomas W. Cunningham, John M. Halan, Jennifer E. Lacroix, Thomas G. Pasternak, and Steven J. Reynolds.

I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System: None

        Respectfully submitted,

        **BROOKS KUSHMAN P.C.**

         /s/  John M. Halan
        Mark A. Cantor (P32661)
        John M. Halan (P37616)
        Thomas W. Cunningham (P57899)
        1000 Town Center, 22nd Floor
        Southfield, Michigan 48075
        Tel:  (248) 358-4400
        Email: mcantor@brookskushman.com
               jhalan@brookskushman.com
               tcunningham@brookskushman.com

        *Attorneys for Defendant*

