IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SUNBEAM PRODUCTS, INC.,

Plaintiff,

v.

HOMEDICS, INC.,

Defendant.

OPINION AND ORDER

08-cv-376-slc

---

In this patent infringement suit, judgment was entered on October 15, 2009 in favor of defendant Homedics, Inc. after it received a favorable ruling on its summary judgment motion. On February 24, 2010, the clerk of court awarded Homedics costs totaling $25,293.62. Dkt. 240. Now before the court is plaintiff Sunbeam Products, Inc.'s motion for review of costs brought pursuant to Fed. R. Civ. P. 54(d)(1). Dkt. 241. Specifically, Sunbeam objects to the following costs taxed by the clerk: (1) $504.09 for copying exhibits used at depositions; (2) $2,968 in video-related deposition fees; and (3) $7,675 in fees for the forensic recovery of electronic data. Because I find that the costs requested by Homedics are authorized by statute and were reasonable and necessary to the litigation, I am denying Sunbeam's motion for review and awarding Homedics the full $25,293.62 taxed by the clerk.

OPINION

**I. Copying**

Sunbeam objects to $504.09 in costs taxed for what it argues are excess copying fees for exhibits used at the depositions of Anson Wong and Richard Prins. It argues that the price per page is unreasonably high. According to Sunbeam, given what it considers to be a reasonable

fee of 20¢ per black and white page, the cost per color page would be between $1.71 and $2.14. However, as noted by Homedics, the average per page cost of all of the deposition exhibits at issue is $.78, which is not unreasonable. More importantly, the court generally does not "conduct a painstaking inspection of the costs to determine that certain costs are 'reasonable and necessary' to the litigation." *Z Trim Holdings, Inc. v. Fiberstar, Inc.*, 2008 WL 3843507, *2 (W.D. Wis. Aug. 12, 2008) (citing *Anderson v. Griffin*, 397 F.3d 515, 522 (7th Cir. 2005); *Taco Bell v. Continental Casualty Co.*, 388 F.3d 1069, 1075 (7th Cir. 2004)). As this court noted in *Z Trim*, market incentives do a better job keeping costs in check than the court could possibly do after the fact. *Id.* Costs generally are accepted as long as they fall into one of the categories of costs statutorily authorized for reimbursement, which is the case with copying. *Id.* Sunbeam's attempt to distinguish between black and white and color copies is to ask for precisely the painstaking review that the court of appeals shunned in *Anderson* and *Taco Bell*. Sunbeam's request to reduce the cost taxed for copying will be denied.

**II. Video-Related Deposition Fees**

Sunbeam objects to the $1,732.50 videotaping fee for Anson Wong's deposition because Wong is a Sunbeam witness and could have been called at trial. Sunbeam objects on similar grounds to the $760 videotaping fee and $475 syncing fee (matching the video to the transcript so it can be presented at trial) for the deposition of Richard Prins, Sunbeam's technical expert.

As the Court of Appeals for the Seventh Circuit has held, 28 U.S.C. § 1920(2) authorizes taxation of costs associated with the taking of a deposition, including both stenographic transcripts and video recording in the same case. *Little v. Mitsubishi Motors North America, Inc.*,

514 F.3d 699, 701-02 (7th Cir. 2008). However, "in addition to being authorized by statute, a cost must be both reasonable and necessary to the litigation" to be recoverable. *Id.* at 702. Homedics asserts that it was reasonable to videotape both witnesses because neither was subject to the court's subpoena power and it was not certain that Sunbeam would have ultimately called them as witnesses at trial. Although it is possible that Homedics could have survived without videotaping these depositions, I cannot conclude that it was "unreasonable for defendant to 'play it safe' by videotaping depositions . . . in circumstances in which there is even a slight chance that the witness may not be present at trial." *Z Trim*, 2008 WL 3843507 at *1. Because Homedics has provided adequate reasons for videotaping the two depositions, Sunbeam's request to eliminate these taxed costs will be denied.

## III. Recovery of Electronic Data

Sunbeam objects to the $7,675 fee that Homedics requested for reading and copying 12 tapes and 31 disks and repairing 1 tape in preparing its response to Sunbeam's discovery requests. Homedics states that it incurred these costs in response to Sunbeam's request for production of native (or original) documents and later motion to compel such documents. Dkt. 194. Sunbeam argues that the forensic recovery costs were unnecessary because Homedics produced only 4,423 pages of documents, none of which were in their native format and very few of which were printouts of electronic data. However, as the clerk stated in the notes explaining his taxation of costs, it is irrelevant that Homedics's review of the tapes and disks yielded very few documents that were responsive to Sunbeam's discovery requests. *See Bus. Sys. Engineering, Inc. v. Int'l Bus. Machines Corp.*, 249 F.R.D. 313, 315 (N.D. Ill. 2008) ("Identifying

and copying documents that may be responsive to a document request are necessary steps in any document production."). The point is that Homedics was required to conduct the search, which *could* have produced relevant documents. Although Sunbeam would have Homedics identify what was potentially responsive on the tapes and disks in order to justify the costs, such detail is not required to justify an award of costs. *Anderson*, 397 F.3d at 522; *Taco Bell*, 388 F.3d at 1075. As with Sunbeam's other requests for reduction in costs, its request to reduce the costs associated with Homedics's recovery of electronic data is denied.

In sum, because Sunbeam has failed to show that the "strong presumption favoring the award of costs to the prevailing party," *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997), should not apply in this case, its motion for review is denied and Homedics is awarded the full $25,293.62 taxed by the clerk.

ORDER

IT IS ORDERED that plaintiff Sunbeam Products, Inc.'s motion for review of taxation and costs, dkt. 241, is DENIED and the clerk's taxation is AFFIRMED. Defendant Homedics, Inc. is awarded costs as the prevailing party in the amount of $25,293.62.

Entered this 21st day of June, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge